UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

KEITH O. WADE                                                                                      PLAINTIFF

v.                                                                        CIVIL ACTION NO. 3:04CV-P368-C

CLIFFORD JOHNSON                                                                                 DEFENDANT

### MEMORANDUM OPINION AND ORDER

This matter is before the court on the plaintiff's motion to alter or amend a portion of the court's partial dismissal entered November 15, 2004 (DN 13). For the reasons that follow, the motion will be denied.

### I. SUMMARY OF ARGUMENT

The plaintiff asks the court to amend its order to the extent it dismissed his claims against the Louisville Metro Government. The court dismissed the claims against the municipality because the plaintiff failed to allege the existence of a governmental policy or custom relative to the nature of his complaints. The plaintiff argues that at the time he filed his civil action, he could not identify the policy because he was awaiting the outcome of an administrative complaint he had filed with the police department. After he filed his complaint, the Louisville Metro Police Department's Professional Standards Unit issued a report indicating that there was "'a technical violation of our (departmental) policy.'" To his motion, the plaintiff attached the administrative decision dated September 1, 2004. Therein, Police Chief Robert White advised, "Although I found that there was a technical violation of our policies, I have determined that discipline is not appropriate due to

Sergeant Johnson's good faith actions in this matter."

## II.  DISCUSSION

As previously noted, the court dismissed the claims against the Louisville Metro government because the plaintiff failed to allege the existence of a governmental policy or custom relative to the nature of his complaints and claims. The court concluded that the plaintiff had merely described the circumstances surrounding and flowing from a traffic stop occurring on July 23, 1999, and that nothing in the complaint demonstrated that the officers' actions occurred as a result of a policy or custom endorsed by the Louisville Metro government.  (DN 10)

The same rationale continues to apply here.  That is, the plaintiff still has not demonstrated that defendant Officer Johnson's actions occurred as a result of a policy or custom endorsed by the Louisville Metro government.  Quite to the contrary, it is an isolated incident of misconduct, *i.e.*, Officer Johnson's purported wrongdoing during the traffic stop on July 23, 1999, which the plaintiff highlights in his motion to alter or amend.  This isolated incident of the officer's misconduct is simply insufficient to establish municipal liability.  *See Thomas v. City of Chattanooga*, 398 F.3d 426, 432-33 (6th Cir. 2005) ("The . . . [appellants] are attempting to infer a municipal-wide policy based solely on one instance of potential misconduct.  This argument, taken to its logical end, would result in the collapsing of the municipal liability standard into a simple *respondeat superior* standard.  This path to municipal liability has been forbidden by the Supreme Court.") (citing *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978) and *Bd. of*

*County Comm'rs of Bryan County v. Brown*, 520 U.S. 397, 410 (1997)).

As the court advised in its prior memorandum opinion, to assert a municipal liability claim a plaintiff must "identify the policy, connect the policy to the city itself and show that the particular injury was incurred because of the execution of that policy." *Garner v. Memphis Police Dep't*, 8 F.3d 358, 363-64 (6th Cir. 1993) (quoting *Coogan v. City of Wixom*, 820 F.2d 170, 176 (6th Cir. 1987), *overruled on other grounds*, *Frantz v. Village of Bradford*, 245 F.3d 869 (6th Cir. 2001)). While the plaintiff has identified a *policy violation* which he claims resulted in a constitutional violation, he fails to identify a municipal *policy* which he claims caused a constitutional injury. In other words, it was Officer Johnson's breach of policy which the plaintiff claims resulted in the unreasonable search and seizure leading to his arrest and the prosecution of charges against him, not a policy or custom of the Louisville Metro government.

For these reasons, **IT IS ORDERED** that the motion to alter or amend (DN 13) is **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk of court is directed to serve a copy of this order on the *pro se* plaintiff and on counsel for the defendant.

Signed on April 18, 2005

Jennifer B. Coffman, Judge
United States District Court

4