UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

KEITH O. WADE                                                          **PLAINTIFF**

v.                                           CIVIL ACTION NO. 3:04CV-P368-C

LOUISVILLE METRO POLICE DEPARTMENT,
    METRO NARCOTICS UNIT *et al.*                              **DEFENDANTS**

### MEMORANDUM OPINION

_____The plaintiff filed a *pro se* complaint pursuant to 42 U.S.C. § 1983, alleging

violations of his constitutional rights during a traffic stop in July 1999.  On initial

review of the complaint under 28 U.S.C. § 1915A, the court dismissed all claims

except the Fourth Amendment claim of unreasonable search and seizure asserted

against defendant Clifford Johnson, a Metro Narcotics Officer with the Louisville

Metro Police Department, in his individual capacity.  Defendant Johnson filed a

motion for summary judgment, the plaintiff filed a response, and the defendant filed

a reply.  The motion stands ripe for review.  Having considered the arguments

presented and the relevant law, the court will construe the defendant's motion as

one for judgment on the pleadings and will deny the motion.

### I. FACTS

For the purpose of the pending dispositive motion, the facts are undisputed.[1]

---

[1]The facts are taken from the complaint (DN 1), the defendant's motion for summary
judgment and attached exhibits (DN 18) ("This is a question of law and not a dispute of fact."), the
plaintiff's response (DN 19) ("The plaintiff has no objection to the defendant's rendition of facts as
far as what has been provided."), the defendant's reply and attached exhibits (DN 28), and the
plaintiff's objection to the defendant's untimely reply (DN 22).

While driving on I-65 on July 23, 1999, the plaintiff pulled his vehicle to the right lane to allow an approaching ambulance to pass. Immediately thereafter, defendant Clifford Johnson, who was following the plaintiff, pulled the plaintiff over for following a car too closely. Defendant Johnson detained the plaintiff while he ran a license and registration verification. He also called the Metro Narcotics Unit to perform a check on the plaintiff's name and history. As a result of the call to the Metro Narcotics Unit, the defendant requested a K-9 Unit officer to perform a canine search of the plaintiff's vehicle. The canine search indicated that narcotics were located in the vehicle. The vehicle was then searched, and cocaine was discovered. A subsequent search of the plaintiff's person revealed a check for $300.00 and $4,050.00 in cash.

As a result of the search, the plaintiff entered a conditional guilty plea to 1st Degree Trafficking and 2nd Degree PFO and appealed the Jefferson Circuit Court's denial of his motions to suppress evidence and for the return of property seized. In an unpublished opinion rendered on August 23, 2002, the Kentucky Court of Appeals concluded that the search of the plaintiff's vehicle was the result of an illegal detention, reversed the circuit court's order denying the plaintiff's motion to suppress and motion for return of property seized, and remanded the case for proceedings consistent with the opinion. The Commonwealth filed a motion for discretionary review, which the Kentucky Supreme Court denied by order entered April 17, 2003.

2

By Jefferson Circuit Court order entered May 20, 2003, the matter was placed on the circuit court's docket of June 9, 2003, "for counsel to advise the Court how it wishes to proceed with the mandate of the Supreme Court." (DN 20, Ex. 2) The record reflects that in open court on June 9, 2003, the Jefferson Circuit Court granted the Commonwealth's motion to dismiss the indictment against the plaintiff and requested that the Commonwealth prepare and tender to the court an order of dismissal. *Id.* at Ex. 3. On July 9, 2003, the Jefferson Circuit Court entered an order signed by the presiding judge dismissing the indictment and ordering the plaintiff released. The order recounted the events which occurred in open court on June 9, 2003, and noted that the Commonwealth had failed to tender the requested order and that the plaintiff was still in custody. The plaintiff then filed the instant action in June 2004.

## II. **ARGUMENTS**

In his motion for summary judgment, the defendant first argues that the statute of limitations accrued on July 23, 1999, the date the search occurred. *See* DN 18. He then alternatively argues that the statute of limitations accrued on August 23, 2002, when the Kentucky Court of Appeals determined that defendant Johnson did not have the requisite reasonable articulable suspicion to detain the plaintiff. *Id.* Using either date, contends the defendant, the plaintiff's June 18, 2004, complaint is time-barred. *Id.*

In response, the plaintiff asserts that "the defendant atte[m]pts to mislead

3

the Court by not including all facts, pertaining to the plaintiff's appeal." *See* DN

19. Specifically, claims the plaintiff, the defendant failed to mention that the

August 23, 2002, opinion of the Kentucky Court of Appeals was not a final opinion

because the Commonwealth filed a motion for discretionary review, which was not

denied until April 17, 2003.[2] *Id.* "This resulted in the plaintiff's case being

remanded to the trial court, and the Commonwealth moved for a dismissal which

was ultimately granted on or about the 9th day of July, 2003." *Id.* The plaintiff

thus argues that July 9, 2003, "is the true and accurate date of acc[ru]al for the

plaintiff's 1983 claim." *Id.*

In the reply, the defendant concedes that "the Kentucky Court of Appeals

opinion that reversed [the plaintiff's] conviction was not a final opinion," *see* DN

28, but argues that the complaint is still time-barred. *Id.* According to the

defendant, the Court of Appeals opinion became final on April 17, 2003, the date

on which the Kentucky Supreme Court denied the Commonwealth's motion for

discretionary review. *Id.* Consequently, April 17, 2003, is the date on which the

plaintiff's "injury" accrued, causing the plaintiff's June 18, 2004, complaint to be

time-barred. *Id.* "The fact that Wade was not ordered released from prison until

July 9, 2003 is of no consequence. If anything, it would go to the nature and

extent of Wade's damages for his alleged unlawful search and seizure claim." *Id.*

---

[2]The plaintiff actually indicates that the Supreme Court denied the motion for discretionary review "on or about the 13th day of April, 2003." A copy of the order attached to the defendant's reply reveals that the motion was denied on April 17, 2003.

4

The plaintiff, in his objection to the untimely reply, continues to argue that his conviction "was not dismissed/set aside until July 9, 2003," *see* DN 22, when the trial court entered its order of dismissal, and that the statute-of-limitations period did not begin to run until that date, rendering his complaint timely. *Id.*

## III. ANALYSIS

### A. Standard of Review

The defendant filed his motion for summary judgment shortly after filing his answer to the complaint, asserting that "discovery is unnecessary for resolution of the pending motion," which involves "a question of law and not a dispute of fact." Upon review of the motion, the court construes it as one for judgment on the pleadings pursuant to Rule 12(c),[3] as the court will not consider "matters outside the pleadings."[4]

---

[3]According to Rule 12(c),

> After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings. If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56. . . .

[4]"Documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim." *Weiner v. Klais and Co.*, 108 F.3d 86, 89 (6th Cir. 1997) (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993) (internal quotation marks omitted); *see also Yeary v. Goodwill Industries-Knoxville, Inc.*, 107 F.3d 443, 445 (6th Cir. 1997) (holding that conversion was not necessary when "those matters [outside the pleadings] simply filled in the contours and details of the plaintiff's complaint, and added nothing new."). The instant complaint, on its face, highlighted a potential statute-of-limitations problem, and the plaintiff referred to opinions rendered in the Kentucky state court system. The attachments to the defendant's dispositive motion and reply only clarify and fill in the contours of the plaintiff's complaint. *See, e.g., Song v. City of Elyria*, 985 F.2d 840, 842 (6th Cir. 1993) (holding that because the movants' attachment to their motion to dismiss did not rebut, challenge, or contradict anything in the plaintiff's complaint, it did not convert the motion to dismiss into a motion for summary judgment.). As "matters outside the pleadings" are

A Rule 12(c) motion for judgment on the pleadings is "'evaluated . . . under the standards for dismissal under Rule 12(b)(6).'" *Sparks v. Allstate Ins. Co.*, 98 F. Supp. 2d 933, 935 (W.D. Tenn. 2000) (citing *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 n.1 (6th Cir. 1988)). "The purpose of Rule 12(b)(6) is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true." *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993). The complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted only if it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). In reviewing a complaint under this standard, the court must accept the allegations contained in the complaint as true. *Hosp. Bldg. Co. v. Trs. of Rex Hosp.*, 425 U.S. 738, 740 (1976); *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir.), *cert. denied*, 123 S. Ct. 550 (2002). The court must also construe the pleading in the light most favorable to the plaintiff. *Brown v. Bargery,* 207 F.3d 863, 867 (6th Cir. 2000).

## B. Statute of Limitations

"Since Congress has never legislated a statute of limitations period for

---

not being considered and since the pleadings have already closed, the court concludes that the dispositive motion is more properly characterized as a Rule 12(c) motion for judgment on the pleadings.

6

section 1983 actions, the courts . . . have had to look to analogous state statutes."
*Collard v. Ky. Bd. of Nursing*, 896 F.2d 179, 180 (6th Cir. 1990). The Supreme

Court has determined that "courts considering § 1983 claims should borrow the

general or residual statute for personal injury actions." *Owens v. Okure*, 488 U.S.

235, 250 (1989); *Wilson v. Garcia*, 471 U.S. 261, 280 (1985) ("[S]ection 1983

claims are best characterized as personal injury actions."). In Kentucky, § 1983

actions are limited by the one-year statute of limitations found in KY. REV. STAT.

ANN. § 413.140(1)(a). *Collard v. Ky. Bd. of Nursing*, 896 F.2d at 182. The

Kentucky statute requires a plaintiff to commence his action within one year after

the cause of action accrues. KY. REV. STAT. ANN. § 413.140(1)(a). The issues that

must be addressed then are when the plaintiff commenced his action and when his

action accrued.

### 1. **Commencement Date**

The Supreme Court has held that "when it is necessary for [a federal court]

to borrow a statute of limitations for a federal cause of action, [the court should]

borrow no more than necessary." *West v. Conrail*, 481 U.S. 35, 39 (1987). "In

the wake of *West*, federal courts consistently have held that questions concerning

the commencement of a section 1983 action in a federal court are governed by

Fed. R. Civ. P. 3." *McIntosh v. Antonino*, 71 F.3d 29, 36 (1st Cir. 1995) ("Rule 3

adequately covers the mechanics of commencing an action in a federal district

court, and the rule makes it transpicuously clear that an action is commenced when

7

the papers are filed."); *Sain v. City of Bend*, 309 F.3d 1134, 1138 (9th Cir. 2002) ("[W]e hold that a § 1983 action is commenced in federal district court for purposes of the statute of limitations when the complaint is filed"); *Moore v. State of Indiana*, 999 F.2d 1125 (7th Cir. 1993) (same); *Lewis v. Richmond City Police Dep't* , 947 F.2d 733 (4th Cir. 1991) (same); *Martin v. Demma*, 831 F.2d 69 (5th Cir. 1987) (same).

According to Rule 3 of the Federal Rules of Civil Procedure, "A civil action is commenced by filing a complaint with the court." The clerk of the court stamped the plaintiff's complaint "FILED" on June 18, 2004. Because the plaintiff was a prisoner at the time he filed his complaint, the "mailbox rule" applies. Under that rule, a civil action is deemed filed on the date a prisoner deposits it in the prison mail system for mailing. *See Houston v. Lack*, 487 U.S. 266, 270 (1988) (*pro se* prisoner's notice of appeal on habeas corpus review is deemed filed on date it is turned over to prison officials for transmittal to court); *Richard v. Ray*, 290 F.3d 810, 813 (6th Cir. 2002) (mailbox rule "applies to civil complaints filed by pro se petitioners incarcerated at the time of filing").

Here, when the plaintiff sent his complaint to the court, he failed to sign it, to fully date it, and to supply the date on which he delivered it to the prison mail system for mailing. The only information with respect to the date of filing that can be garnered from the complaint is that he submitted it for mailing some time in June 2004. *See* DN 1, p. 8 ("This ___ day of  <u>JUNE</u>  , 20<u>04</u>."). As the exact

8

date on which the plaintiff submitted the complaint to the prison mail system for mailing is unknown, the court will use June 18, 2004,[5] the date the complaint was stamped "FILED" by the clerk of court, as the commencement date of the action.

### 2. Accrual Date

Federal law determines when the statute of limitations begins to run. *Sevier v. Turner*, 742 F.2d 262, 272 (6th Cir. 1984). "Typically the statute of limitations for filing an action alleging an unconstitutional search and seizure begins to run at the time of the injury – when the plaintiff knows or has reason to know about the occurrence of the unconstitutional search." *Shamaeizadeh v. Cunigan*, 182 F.3d 391, 394 (6th Cir. 1999). "In light of the Supreme Court's opinion in *Heck v. Humphrey*, 512 U.S. 477 [] (1994), however, the resolution of this issue is more complicated." *Id.*

In *Heck v. Humphrey*, the Supreme Court held,

[I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

*Id.* at 486-87. "A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983." *Id.* at

---

[5]Neither party addresses the commencement issue. Without discussion, the defendant merely states that "Wade on *June 18, 2004* filed this current action," *see* DN 18 ( emphasis in original), and the plaintiff wholly fails to mention the date on which he commenced the action.

9

487 (emphasis in original).

> Thus, when a state prisoner seeks damages in a § 1983 suit, the
> district court must consider whether a judgment in favor of the plaintiff
> would necessarily imply the invalidity of his conviction or sentence; if it
> would, the complaint must be dismissed unless the plaintiff can
> demonstrate that the conviction or sentence has already been
> invalidated.  But if the district court determines that the plaintiff's
> action, even if successful, will not demonstrate the invalidity of any
> outstanding criminal judgment against the plaintiff, the action should be
> allowed to proceed, in the absence of some other bar to the suit.

*Id.*

Recognizing that the statute of limitations was not an issue in *Heck*, the Sixth

Circuit, in *Shamaeizadeh v. Cunigan*, 182 F.3d 391 (6th Cir. 1999), nonetheless

"concluded that the 'underlying theory' of *Heck*--a concern for whether allowing a

cause of action to proceed would impugn the validity of a future or outstanding

conviction--'provid[ed] the foundation for the proper resolution of when the statute

of limitation accrued.'"  *Ruff v. Runyon*, 258 F.3d 498, 501--02 (6th Cir. 2001)

(quoting *Shamaeizadeh v. Cunigan*, 182 F.3d at 396).  With *Heck* in mind, the

*Shamaeizadeh* court thus concluded that "the proper starting point for the running of

the statute of limitations is the date of the dismissal of the criminal charges."[6]

---

[6]In *Shamaeizadeh*, the plaintiff brought a § 1983 action for damages based on an allegedly
illegal search and seizure by state officials and subsequent federal criminal prosecution.  The search
occurred on March 14, 1994, and sometime thereafter, the plaintiff was indicted, along with two
other individuals.  *Id.* at 393.  Upon consideration of a motion to suppress the seized evidence, the
district court found a lack of probable cause and ordered suppression of the evidence pertinent to the
plaintiff's prosecution.  *Id.* at 393.  The government appealed, but the Sixth Circuit affirmed the
district court's ruling in an opinion filed April 9, 1996.  *Id.* at 393-94.  The government dismissed
the charges against Shamaeizadeh on that same day.  *Id.* at 394.  The Sixth Circuit concluded that
the § 1983 cause of action "did not accrue until the charges against him were dismissed" on April 9,
1996.  *Id.* at 397.

*Shamaeizadeh v. Cunigan*, 182 F.3d at 399; *see also Wolfe v. Perry*, -- F.3d -- ,

2005 WL 1503805, at *6 (6th Cir. June 27, 2005) ("[W]e conclude that the

statute of limitations applicable to the § 1983 claim against [the defendant] did not

begin to run until dismissal of the criminal charges against [the plaintiff] on July 15,

1998."); *Trzebuckowski v. City of Cleveland*, 319 F.3d 853, 857 (6th Cir. 2003)

("[T]he statute of limitations on [the] § 1983 claim began to run on September 12,

1995, the date the municipal court dismissed the charges against him."); *Ruff v.*

*Runyon*, 258 F.3d at 502 ("[A] cause of action under § 1983 will not accrue 'until

the disposition of any pending criminal charges.'") (quoting *Shamaeizadeh v.*

*Cunigan*, 182 F.3d at 399); *Schilling v. White*, 58 F.3d 1081, 1087 (6th Cir. 1995)

("Thus, *Heck* makes clear that no cause of action exists until a conviction is legally

eliminated."). "Having the statute of limitations commence at this point guards

against the concern in *Heck* regarding the effect of a § 1983 action on the validity

of a pending or outstanding criminal prosecution by ensuring that a § 1983 action

will not accrue until the criminal prosecution reaches final disposition."[7]  *Ruff v.*

---

[7]As explained by the Sixth Circuit in *Shamaeizadeh*,

Since it appears that the only evidence that was to be introduced against
Shamaeizadeh was evidence discovered in Shamaeizadeh's house during the
allegedly illegal search, it would not have been possible, while the criminal
proceedings against Shamaeizadeh were pending, to determine whether a decision on
Shamaeizadeh's claim would imply the invalidity of his potential conviction without
deciding issues common to the criminal action--i.e., whether the search was lawful.
If the criminal court eventually deemed the search lawful, and Shamaeizadeh had
been convicted based on evidence obtained during the search, under *Heck* no § 1983
cause of action would be available. Pursuant to footnote 7 of *Heck*, if the search had
been deemed unlawful, but the government had proceeded with the case against
Shamaeizadeh and succeeded in admitting the evidence discovered during the search
under an exception to the exclusionary rule, Shamaeizadeh, if convicted, could not

11

Runyon, 258 F.3d at 502.[8]

In the present case, allowing the statute of limitations to begin running on the

plaintiff's § 1983 Fourth Amendment claim on any date prior to the dismissal of the

criminal charges against him would "impugn the validity of a future or outstanding

conviction" and run counter to established Sixth Circuit precedent. Thus, the

defendant's argument that the cause of action accrued on July 23, 1999, the date

of the search, is without legal support, as is his contention that the statute of

limitations began on April 17, 2003, when the Kentucky Supreme Court denied

discretionary review of the Kentucky Court of Appeals decision. As in

Shamaeizadeh, the instant plaintiff was not aware of his injury and the § 1983

action simply did not accrue until the trial court dismissed the pending criminal

---

bring a § 1983 claim for damages related to his conviction or confinement. As a
result, Shamaeizadeh could not bring an action seeking damages related to the
criminal proceeding brought against him until a disposition in that proceeding had
been reached.

Shamaeizadeh v. Cunigan, 182 F.3d at 398-99.

[8]In Ruff v. Runyon, the Sixth Circuit noted that "other circuits, also applying Heck, have
reached similar results," id. at 503, and the court listed the following cases:

Harvey v. Waldron, 210 F.3d 1008 (9th Cir. 2000) (Heck applies to both actual and
potential convictions in context of accrual of cause of action); Covington v. City of
New York, 171 F.3d 117 (2d Cir. 1999) (§ 1983 claim would not accrue for
purposes of statute of limitations until criminal charge actually dismissed); Beck v.
City of Muskogee Police Dept., 195 F.3d 553 (10th Cir. 1999) (same); Uboh v.
Reno, 141 F.3d 1000 (11th Cir. 1998) (Bivens claim accrued after dismissal of
criminal claims); Smith v. Holtz, 87 F.3d 108 (3rd Cir. 1996) (§ 1983 cause of
action accrues for statute-of-limitation purposes when conviction is dismissed
outright, not when reversed and remanded for new trial); Abella v. Rubino, 63 F.3d
1063, 1065 (11th Cir. 1995) ("Heck rule applies to Bivens actions;" therefore,
plaintiff's Bivens claim was not ripe as plaintiff's conviction had not been declared
invalid.). But cf. Clay v. Allen, 242 F.3d 679 ([5th Cir.] 2001) (reversal of
conviction on direct appeal sufficient to permit plaintiff to file § 1983 action).

charges. *Ruff v. Runyon*, 258 F.3d at 501-02 ("Applying *Shamaeizadeh*, plaintiffs'
claims did not accrue until the charges against plaintiffs were finally dismissed
because prior to that point in time, plaintiffs did not 'know' of their injury for
purposes of the statute of limitations.").[9]

The issue then becomes on which date were the plaintiff's charges dismissed
-- on June 9, 2003, when the judge granted the Commonwealth's motion to dismiss
the indictment in open court, or on July 9, 2003, when the clerk entered the order
of dismissal signed by the presiding Jefferson Circuit Court judge. The defendant
continues to argue that April 17, 2003, is the date on which the plaintiff's "injury"
accrued. He does not argue that the June 9, 2003, open court decision, should be
the accrual date over the July 9, 2003, entry date. Rather, he contends only that
"[t]he fact that Wade was not ordered released from prison until July 9, 2003 is of
no consequence. If anything, it would go to the nature and extent of Wade's
damages for his alleged unlawful search and seizure claim." (DN 28). The plaintiff,
on the other hand, argues that July 9, 2003, is the date on which the charges were
dismissed and the action accrued. The court agrees with the plaintiff.

"It is elementary that a court of record speaks only though its records." *Allen
v. Walter*, 534 S.W.2d 453, 455 (Ky. 1976). "An order is not an order until it is

---

[9]When the Kentucky Court of Appeals reversed the circuit court order denying the motions to
suppress and for return of property, the criminal charges against the plaintiff were still pending, and
the potential for inconsistent criminal and civil judgments was present. The same was true when the
Kentucky Supreme Court denied the Commonwealth's motion for discretionary review. Not until
dismissal of the criminal charges did the plaintiff know of his injury for statute-of-limitations
purposes, *Ruff v. Runyon*, 258 F.3d at 501-02, and not until then would a civil judgment in his favor
no longer necessarily imply the invalidity of any pending or outstanding criminal conviction.

signed. Until then the judge can change his mind and not enter it." *Id.* Moreover, Kentucky Rule of Criminal Procedure ("RCr") 11.04(2) provides, "If the defendant is found 'not guilty' or *for any other reason is entitled to be discharged*, judgment shall be entered accordingly." (emphasis added). Under RCr 11.04(3), "The judgment shall be signed by the judge and entered by the clerk." *See also* Ky. R. Civ. P. ("CR") 58(1) ("Before a judgment or order may be entered in a trial court it shall be signed by the judge."). The court thus concludes that the accrual date for the plaintiff's Fourth Amendment claim against defendant Johnson is July 9, 2003, when the Jefferson Circuit Court entered the order dismissing the charges against the plaintiff.

### C. Conclusion

For the reasons set forth more fully above, the court concludes that the plaintiff's cause of action accrued on July 9, 2003, when the charges against him were dismissed by order signed by the judge and entered by the clerk, and that the plaintiff commenced the instant action less than one year later on June 18, 2004, the date he filed the complaint. The Fourth Amendment claim against defendant Johnson is thus timely. The defendant's motion for judgment on the pleadings will therefore be denied by separate order, and the action will proceed.

The clerk of court is directed to send a copy of this opinion to the *pro se* plaintiff and to counsel for defendant Johnson.

14

Signed on  July 20, 2005

Jennifer B. Coffman, Judge
United States District Court

15