UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

**CIVIL ACTION NO. 04-368-C**

**KEITH O. WADE,** **PLAINTIFF,**

**V.** **MEMORANDUM OPINION AND ORDER**

**CLIFFORD JOHNSON,** **DEFENDANT.**

\* \* \* \* \* \* \* \* \* \*

This matter is before the court on the defendant Clifford Johnson's second motion for summary judgment (DE 28). The court, having reviewed the record and being otherwise sufficiently advised, will grant the defendant's motion.

Summary judgment is appropriate only when there are no genuine issues of material fact and the moving party is entitled to a judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). The moving party's burden can be satisfied by demonstrating that there is an absence of evidence to support the non-moving party's case. *Id*. at 324-25. To survive summary judgment, the non-moving party must come forward with evidence on which the jury could reasonably find in its favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986). The non-moving party must present more than a mere scintilla of evidence to defeat a motion for summary judgment. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989); Fed. R. Civ. Pro. 56 (e). The court must view all of the evidence in the light most favorable to the party opposing summary judgment. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

**Background**

The facts are undisputed. Keith Wade, the plaintiff, was driving in the left-hand lane of I-65 on July 23, 1999, and he moved into the right-hand lane to allow an approaching ambulance to pass. Immediately thereafter, Johnson, a Metro Narcotics Officer with the Louisville Metro Police Department, pulled Wade over and told Wade that he had stopped him for following a car too closely. Wade explained that he had been talking on the phone and was not paying attention to the road. Johnson testified that Wade was acting nervous.

Johnson asked Wade where he had been; Wade said he was coming from work and that he is a concrete worker in the construction industry. At the suppression hearing, Wade testified that he told Johnson he had been picking up a check at work. Wade was wearing nice shorts and a polo shirt, which Johnson thought was inconsistent with Wade's job.

Johnson detained Wade while he ran a license and registration verification, which reflected different addresses. Johnson then called the Metro Narcotic Unit office and was informed that Wade had previously been arrested or investigated in drug cases and was currently under investigation. Johnson called for a canine unit to come to the scene, and the canine unit arrived approximately 15 minutes later. While they were waiting for the canine unit, Wade remained in his own vehicle. Wade was asked to exit his vehicle, and did so when the canine unit arrived, and the dog alerted the police to the driver's side door. A subsequent search of the

2

vehicle revealed cocaine, and a search of Wade's person produced a check for $300.00 and $4,500.00 in cash. Wade was arrested.

Wade filed a motion to suppress the evidence obtained at the time of his arrest, and, after a suppression hearing, the state circuit court denied his motion. Wade entered a conditional guilty plea to first degree trafficking in a controlled substance and being a second degree persistent felony offender; he reserved the right to appeal the circuit court's denial of his motion to suppress. On appeal, the Kentucky Court of Appeals found that Johnson lacked reasonable suspicion to detain Wade until the canine unit arrived and that the search of Wade's vehicle was therefore illegal. The Court of Appeals reversed the trial court's ruling on the motion to suppress.

The Commonwealth filed a motion for discretionary review, which was denied by the Kentucky Supreme Court. On remand, the circuit court granted the Commonwealth's motion to dismiss the indictment against Wade, and Wade was released from custody on June 9, 2003.

Wade filed a complaint against the Louisville Metro Police Department, the Metro Narcotics Unit, the Defendant Clifford Johnson, and one unknown officer in this court on June 18, 2004, pursuant to 42 U.S.C. § 1983, alleging constitutional violations. By an order of November 10, 2004, this court dismissed all claims except the claim against Johnson in his individual capacity for violation of the Fourth Amendment right to freedom from unreasonable search and seizure.

Johnson has moved for summary judgment on the remaining claim.

**Legal Analysis**

As grounds for his motion for summary judgment, Johnson asserts that he is entitled to qualified immunity from suit for the actions alleged to have violated Wade's constitutional rights. Section 1983 defendants in their individual capacities are insulated from civil damages liability when qualified immunity applies. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). When a public official asserts qualified immunity, courts utilize a two-step analysis. *Saucier v. Katz*, 533 U.S. 194, 201-202 (2001). First, the court determines whether, viewing the facts in the light most favorable to the plaintiff, the officer's conduct violated a constitutional right. *Id.* at 201. Second, the court considers whether the right is so clearly established that "it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Id.* at 202. Such clarity is lacking if competent officers could disagree whether the conduct violates a constitutional right. *Gean v. Hattaway*, 330 F.3d 758, 767 (6th Cir. 2003) (*quoting Malley v. Briggs,* 475 U.S. 335, 341 (1986)). If the court answers both questions affirmatively, the claim of qualified immunity fails.

Even assuming that Johnson's actions in stopping, detaining, and/or searching Wade and his vehicle violated Wade's Fourth Amendment rights, as a matter of law, it would not have been clear to a reasonable officer that his conduct was unlawful. Accordingly, Johnson is protected from a civil damages suit for his

allegedly unconstitutional conduct by the doctrine of qualified immunity.

### 1. The Initial Stop

A traffic stop is valid if the officer had probable cause to believe that the driver committed a traffic violation, even if the officer is subjectively motivated to make the stop by other factors. *Whren v. United States*, 517 U.S. 806, 813 (1996); *United States v. Akram*, 165 F.3d 452, 455 (6th Cir. 1999); *United States v. Palomino*, 100 F.3d 446, 448-49 (6th Cir. 1996). It is not contested that Johnson stopped Wade for following another car too closely, and the initial stop was therefore constitutionally valid.

### 2. The Detention

Once the initial purpose of a valid traffic stop has been accomplished, any further detention must not be excessively intrusive. *Palomino*, 100 F.3d at 449; *United States v. Mesa*, 62 F.3d 159, 162 (6th Cir. 1995). Continued investigation is constitutional only if, under the totality of the circumstances, specific and articulable facts gave rise to reasonable suspicion that criminal activity was occurring. *Palomino*, 100 F.3d at 449. The detainee's nervousness may contribute to the officer's reasonable suspicion, but nervousness alone is insufficient to justify prolonged investigation. *Mesa*, 62 F.3d at 162-63. Where additional factors bolster the officer's suspicion of criminal activity, however, detention beyond the initial stop is proper. *See Palomino*, 100 F.3d at 450 (inconsistent accounts of ownership of the car and purpose of the trip, nervousness, past criminal activities,

chemical odor consistent with cocaine).

Johnson testified that he believed Wade may have been involved in criminal activity because (1) Wade acted nervous; (2) Wade was not dressed appropriately for the activity in which he claimed to be engaged; (3) Wade's license and registration were under different addresses; and (4) Johnson learned that Wade had previously been arrested for and was currently under investigation for drug-related activities.  The circuit court found that these considerations, taken together, satisfied the reasonable suspicion threshold to validate Johnson's decision to detain Wade until the canine unit could arrive.  The Kentucky Court of Appeals disagreed and reversed the trial court's ruling on the motion to suppress.[1]

Without deciding whether Johnson had reasonable suspicion, the court finds that, as a matter of law, it would not have been clear to a reasonable officer that the detention violated Wade's constitutional rights.  Notably, the state trial and appellate courts disagreed whether reasonable suspicion existed.  Viewing the circumstances as a whole, a reasonable officer could reasonably have believed that criminal activity was afoot, and Johnson is therefore qualifiedly immune from suit for his decision to detain Wade and wait for a canine unit.

### 3. The Search

Law enforcement officers are excused from the warrant requirement that

---

[1] The court need not decide whether the detention was, in fact, supported by reasonable suspicion, but only whether it would have been clear to a reasonable officer that it was not.

accompanies most searches when they have probable cause to believe that an automobile they have stopped contains evidence of a crime. *United States v. Hill*, 195 F.3d 258, 273 (6th Cir. 1999). "[A]n alert by a properly-trained and reliable dog establishes probable cause sufficient to justify a warrantless search of a stopped vehicle." *Id.*

Wade has not contested the qualifications of the drug dog that alerted on his car. Given the determination that Wade's detention until the canine unit arrived is not actionable, the dog's indication satisfies the probable cause requirement to invoke the automobile exception, and Johnson is therefore protected by qualified immunity from potential liability for the ultimate search of Wade's vehicle.

**Conclusion**

The only relief sought by Wade consists of monetary and punitive damages. Assuming that Wade's detention and the search of his vehicle violated his Fourth Amendment rights, Johnson is nonetheless immune from a civil damages suit for the infringement, because it would not have been "clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Saucier*, 533 U.S. at 202. Accordingly,

**IT IS ORDERED** that the defendant's motion for summary judgment (DE 28) is **GRANTED**.

Signed on  March 21, 2006

Jennifer B. Coffman, Judge
United States District Court

8